UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

_____

| | |
|---|---|
| IN RE: YASMIN AND YAZ (DROSPIRENONE) ) | 3:09-md-02100-DRH-PMF |
| MARKETING, SALES PRACTICES AND ) | MDL No. 2100 |
| PRODUCTS LIABILITY LITIGATION ) | |
| _____ | ORDER REGARDING |
| | PFS COMPLIANCE |

**This Document Relates to:**

*Jennifer Davis v.*
*Bayer HealthCare Pharmaceuticals Inc., et al.*     No. 3:10-cv-12185-DRH-PMF

*Kelly Davis v.*
*Bayer HealthCare Pharmaceuticals Inc., et al.*     No. 3:10-cv-12184-DRH-PMF

*Shannon Moore v.*
*Bayer HealthCare Pharmaceuticals Inc., et al.*     No. 3:10-cv-12179-DRH-PMF

*Deirdre Smith v. Bayer Corp., et al.*     No. 3:10-cv-11273-DRH-PMF

*Magan Thiel v. Bayer Corp., et al.*     No. 3:10-cv-10910-DRH-PMF

## ORDER
**HERNDON, Chief Judge:**

This matter is before the Court on Defendant Bayer HealthCare Pharmaceuticals Inc.'s ("Bayer") motion, pursuant to Case Management Order 12 ("CMO 12"), for an Order dismissing Plaintiffs' claims, in the above-captioned

matters, without prejudice for failure to comply with their Plaintiff Fact Sheet ("PFS") obligations.[1]

The Plaintiffs in the above-captioned matters were required to serve a completed PFS on or before January 3, 2011.[2] Bayer asserts that although the plaintiffs in the above-captioned matters have served PFSs, each PFS is still delinquent pursuant to CMO 12. As an example, Bayer states that each PFS is deficient in one or more of the following ways:

- Plaintiff has failed to sign the PFS declaration
- Plaintiff has failed to provide responsive and substantially complete answers to PFS questions regarding personal and family medical history.
- Plaintiff has "responded" to certain questions by stating "see medical records" (even though some have not produced medical records) or "plaintiff will supplement."
- Plaintiff has failed to submit completed and signed record release authorizations or a completed Federal Disclosure form.

---

[1] Under Section C of CMO 12, each Plaintiff is required to serve Defendants with a completed PFS, including a signed Declaration, executed record release Authorizations, and copies of all documents subject to the requests for production contained in the PFS which are in the possession of Plaintiff. Section B of CMO 12 further provides that a completed PFS is due "45 days from the date of service of the first answer to her Complaint or the docketing of her case in this MDL, or 45 days from the date of this Order, is whichever is later."
[2] *See e.g., Magan Thiel v. Bayer Corp., et al.,* No. 3:10-cv-10910-DRH-PMF Doc. 6, Doc. 6-1, and Doc. 6-2.

Under Section E of CMO 12, **Plaintiffs were given 14 days from the date of Bayer's motion**, in this case 14 days from April 20, 2011, to file a response either certifying that they served upon Defendants and Defendants received a <u>completed</u> PFS, and attaching appropriate documentation of receipt or an opposition to Defendant's motion.[3]

To date, none of the Plaintiffs in the above captioned member actions has filed a response. Because the Plaintiffs in the above captioned cases have failed to respond to Bayer's allegations, the Court finds that these Plaintiffs have failed to comply with the PFS obligations under CMO 12. Accordingly, the Court hereby **ORDERS** as follows:

- The **above captioned member actions** are **DISMISSED WITHOUT PREJUDICE** for failure to comply with the requirements of CMO 12.

---

[3] Responses to Bayer's motion to dismiss were due 14 days from April 12, 2011 regardless of any response date automatically generated by CM/ECF. The Court has previously noted in orders in this MDL and during a status conference in this MDL that **when deadlines provided by CM/ECF conflict with orders of this Court, the Court ordered deadline will always control**. *See* **United States District Court for the Southern District of Illinois, Electronic Filing Rules, Rule 3 (The "filer is responsible for calculating the response time under the federal and/or local rules. The date generated by CM/ECF is a guideline only, and, if the Court has ordered the response to be filed on a date certain, the Court's order governs the response deadline.").** The deadlines provided by CM/ECF are generated automatically based on the generic responsive pleading times allowed under the rules and do not consider special circumstances (such as court orders specific to a particular case or issue).

- **Further,** the Court reminds Plaintiffs that, pursuant to CMO 12 Section E, **unless Plaintiffs serve Defendants with a COMPLETED PFS or move to vacate the dismissal without prejudice within 60 days after entry of this Order, the Order will be converted to a <u>Dismissal With Prejudice</u> upon Defendants' motion**.

**SO ORDERED**

Digitally signed by David R. Herndon
Date: 2011.05.06 17:04:36 -05'00'

**Chief Judge**                                                 **Date: May 6, 2011**
**United States District Court**